IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFELINE PHARMACEUTICALS, LLC,) | |
| ) | |
| Plaintiff,                    ) | |
| ) | |
| v.                              ) | CIVIL ACTION 11-0398-WS-M |
| ) | |
| HEMOPHILIA INFUSION MANAGERS,) | |
| LLC, et al.,                   ) | |
| ) | |
| Defendants.            ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 14). The defendants filed an answer, (Doc. 7), and were served with the plaintiff's motion, (Doc. 14 at 12), but they declined to respond to it. The motion is now ripe for resolution.

## BACKGROUND

According to the complaint, the plaintiff sold certain products to defendant Hemophilia Infusion Managers, LLC ("Managers"), for which Managers has not paid. Defendant Mosley (Managers' president) is guarantor of the debt but has not satisfied it. The complaint includes counts against both defendants for goods sold and delivered; open account; account stated; unjust enrichment; and breach of contract. (Doc. 1). The plaintiff seeks summary judgment against Managers under all five theories and against Mosley only for breach of contract.

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party."  *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made."  *Fitzpatrick*, 2 F.3d at 1116; *accord Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick*, 2 F.3d at 1116; *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion .…").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant .…" *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was

unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004).  The quoted statement constitutes a holding.  *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008).  This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment.  On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond.  "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials.  [citation omitted]  At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment."  *One Piece of Real Property*, 363 F.3d at 1101.

The plaintiff plausibly asserts that Alabama law governs.  (Doc. 14 at 4-5).  As the defendants do not challenge this proposition, the Court accepts it.

According to the plaintiff's authority, a claim for goods sold and delivered requires proof that, after the plaintiff delivered the goods to the defendant, the defendant "used them."  (Doc. 14 at 5).  Because the plaintiff's submitted affidavit and exhibits do not reflect that Managers used the plaintiff's products following their delivery, the plaintiff  is not entitled to summary judgment on this claim.[1]

According to the plaintiff's authority, a claim for account stated requires proof that a "statement of the account" between the parties has been balanced and "rendered" to the defendant.  (Doc. 14 at 7).  The formulation of the claim upon which the plaintiff relies also requires that, after the statement of account is rendered, the defendant fails to object to it within a reasonable time.  (*Id*.).  The plaintiff's exhibits include a series of periodic

---

[1] The plaintiff asserts in brief that Managers' use of the product is "undisputed."  (Doc. 14 at 6).  Because the plaintiff produced no record evidence of such use, however, the defendants' failure to "dispute" the proposition is legally irrelevant.

[3]

invoices as well as a final statement of account.  The plaintiff's affiant confirms that the invoices were mailed to Managers at the proper address in accordance with the plaintiff's standard mailing practices and were not returned, but he makes no similar statement concerning the statement of account.  Thus, no presumption arises that the plaintiff actually rendered the account to Managers.  *Car Center, Inc. v. Home Indemnity Co*., 519 So. 2d 1319, 1323 (Ala. 1988).  Similarly, the affiant states that the defendants did not "make any objection to any of the Invoices received from the Plaintiff," but he does not testify that the defendants failed to object to the statement of account.  Accordingly, the plaintiff is not entitled to summary judgment on this claim.[2]

The plaintiff's evidence establishes that Managers, with the expectation of future serial transactions, established a line of credit with the plaintiff and agreed to periodically purchase product from the plaintiff and to pay for such purchases, along with certain finance charges and other fees; that Managers did periodically purchase product from the plaintiff and for a time paid for the product; that Managers subsequently purchased additional product which the plaintiff physically delivered to Managers but for which Managers did not pay; and that the total unpaid balance on this product exceeds $100,000 as of July 1, 2011.  The plaintiff's evidence supports summary judgment in its favor on its claims against Managers for open account, unjust enrichment and breach of contract.

---

[2] The plaintiff appears to believe that its invoices are equivalent to a statement of account, but it cites no authority for this proposition.  Each of the submitted invoices reflects only the products purchased on a single occasion, along with related charges; none of the invoices reflect a cumulative total.  This cannot easily support an account stated, which "is a new agreement … that the statement of the account with the balance struck is correct and that the debtor will pay that amount."  *Ayers v. Cavalry SVP I, LLC*, 876 So. 2d 474, 477 (Ala. Civ. App. 2003) (internal quotes omitted).  A simple invoice, containing no cumulative balance, cannot serve this function.

At any rate, because the affiant does not state that the invoices were mailed "with sufficient postage" and that the plaintiff's return "address is shown on the envelope[s]" containing the invoices, the plaintiff has not raised a presumption of Managers' receipt of even the invoices.  *Car Center*, 519 So. 2d at 323.  And without proof of receipt, Managers' silence is not evidence of a failure to object.  *Ayers*, 876 So. 2d at 477.

[4]

On its breach of guaranty claim against Mosley, the plaintiff cites the elements of a standard breach-of-contract claim. (Doc. 14 at 9). In the guaranty context, however, the elements are stated somewhat differently. "Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987). Moreover, "to recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Id*. A continuing guaranty is "a guaranty of future indebtedness uncertain as to amount or time," *id*., and Mosley's guaranty fits this description. The plaintiff's evidence does not reflect that Mosley was given notice of Managers' default.[3] Accordingly, the plaintiff is not entitled to summary judgment on this claim.

The plaintiff seeks entry of judgment against Managers in the sum of $173,475.05, "plus accrued and accruing interest, fees and costs." (Doc. 14 at 10). Because the Court cannot enter a judgment until the amount of such judgment is known, the request must be denied as premature. The plaintiff is contractually entitled to finance charges in the amount of 1.5% per month from July 1, 2011 forward, but it has not calculated for the Court the monthly or daily amount of such charges such that the Court could calculate the amount as of any given date.[4] Nor has the plaintiff shown that the parties' agreement

---

[3] "The language of the guaranty is controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Sharer v. Bend Millwork Systems, Inc*., 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty). The one-sentence guaranty agreement in this case does not dispense with the notice requirement, so the plaintiff retains the burden of proving that notice was given.

[4] It is unclear whether the plaintiff believes it is entitled to charge 1.5% on delivery and other non-product costs or on financial fees imposed for non-payment. The agreement indicates that the percentage can be charged only for the amount of the actual "purchase." (Doc. 14, Nielsen Affidavit, Exhibit A).

entitles it to charge an additional monthly $50 late fee as reflected in the June and July 2011 invoices.  The agreement does allow the plaintiff to recover "attorney's fees [and] court costs," but the plaintiff's motion for summary judgment fails to address or prove up the amount and reasonableness of such fees and costs.[5]

For the reasons set forth above, the plaintiff's motion for summary judgment is **granted** with respect to its claims against Managers for open account, unjust enrichment and breach of contract and is **denied** in all other respects.

DONE and ORDERED this 22nd day of March, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] Rule 54(d) allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages."  Fed. R. Civ. P. 54(d)(2)(A).  "As noted in subparagraph (A), it [Rule 54(d)(2)] does not, however, apply to fees recoverable as an element of damages, as when sought under the terms of a contract …."  *Id.* 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case.").  Because costs and fees are part of the plaintiff's substantive recovery, they must be proved up before entry of judgment.

[6]