IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LIFELINE PHARMACEUTICALS, LLC,) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                  ) | CIVIL ACTION 11-0398-WS-M |
| ) | |
| HEMOPHILIA INFUSION MANAGERS,) | |
| LLC, et al.,                        ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the Court on the plaintiff's renewed motion for summary judgment. (Doc. 29). The motion as to defendant Eric Mosley cannot be considered due to the stay resulting from his pending bankruptcy proceedings, from which stay the plaintiff has obtained no relief. (Docs. 31, 32, 36). Defendant Hemophilia Infusion Managers, LLC ("Managers") declined to respond to the plaintiff's motion, (Doc. 33), and the motion as to Managers is ripe for resolution.

BACKGROUND

According to the complaint, the plaintiff sold certain products to Managers, for which Managers has not paid. The complaint includes counts against Managers for goods sold and delivered; open account; account stated; unjust enrichment; and breach of contract. (Doc. 1). The plaintiff previously obtained summary judgment in its favor with respect to its claims for open account, unjust enrichment, and breach of contract. (Doc. 24 at 6). The plaintiff has withdrawn its claim for goods sold and delivered, (Doc. 29 at

[1]

6), but it seeks for a second time summary judgment as to its claim for account stated. (*Id*. at 7-8).[1]

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116; *see also* Fed. R. Civ. P. 56(e)(2) ("If

---

[1] The plaintiff also redundantly seeks summary judgment against Managers on the three claims as to which it has already obtained summary judgment. (Doc. 29 at 6-7, 9-10). The Court declines to revisit those settled rulings.

a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted]  At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101.

The plaintiff plausibly asserts that Alabama law governs. (Doc. 29 at 5-6). As the defendants do not challenge this proposition, the Court accepts it. The plaintiff's evidence, as discussed in its brief, (*id*. at 7-8), establishes the elements of an account stated as set forth therein and in the Court's previous order. (Doc. 24 at 3-4). The plaintiff is entitled to summary judgment on this claim.

The plaintiff seeks entry of judgment against Managers in the sum of $173,475.05 plus interest of $23,644.85 through April 10, 2012 and $83.33 per diem thereafter.  (Doc. 29 at 3, 10).  The plaintiff has presented uncontroverted evidence establishing these amounts.

Managers agreed to pay "any agency collection costs, attorney's fees, court costs and NSF fees," (Doc. 29, Nielsen Affidavit, Exhibit A), and the plaintiff seeks attorney's fees of $15,222.10 and costs of $400.09.  (Doc. 29 at 3, 10).  Although the contract does not explicitly limit the plaintiff's potential recovery to "reasonable" fees and costs, "Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation."  *Willow Lake Residential Association, Inc. v. Juliano*, 80 So. 3d 226, 241 (Ala. Civ. App. 2010).[2]  This rule "assures that neither party can penalize the other by running up exorbitant attorney's fees with knowledge that the other side will have to pay those fees."  *Id*. at 242.  The plaintiff's costs, consisting primarily of the $350 filing fee, are facially reasonable and will be allowed.

Alabama has adopted a twelve-factor analysis for assessing the reasonableness of requested attorney's fees.  *Peebles v. Miley*, 439 So. 2d 137, 140-41 (Ala. 1983).  The plaintiff does not invoke this analysis but instead asserts that "reasonable attorneys' fees are calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate."  (Doc. 29, Hartley Affidavit at 2).  The plaintiff seeks recovery for 44.8 hours, which the Court finds to be reasonable under the circumstances.  The Court turns its attention to the claimed hourly rates.

Most of the work was performed by two lawyers.  For the work of a partner with 20 years experience, the plaintiff seeks an hourly rate of $395.  For the work of an of counsel with twelve years experience in practice (and several years of judicial

---

[2] As the contract is governed by Alabama law, Alabama principles regarding contractual attorney's fee provisions apply.  *E.g., Trans Coastal Roofing Co. v. David Boland, Inc*., 309 F.3d 758, 760 (11th Cir. 2002).

clerkships), the plaintiff seeks an hourly rate of $295.  The plaintiff also seeks a $510 rate for a senior partner with 32 years experience; a $215 rate for a fourth-year associate; and a $115 rate for a summer law clerk.

The plaintiff has produced no evidence that these are reasonable hourly rates in commercial collection cases in the Mobile area.  *See Peebles*, 439 So. 2d at 141-42 (when evaluating the factor of "[t]he fee customarily charged in the locality for similar legal services," the relevant locality was "the Mobile area"); *cf. American Civil Liberties Union  v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) ("The general rule is that the relevant market for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed.") (internal quotes omitted).

After substantial research, the Court has been unable to locate any case in which hourly rates similar to those suggested by the plaintiff have been accepted as reasonable in this District.  Recent awards almost without exception have utilized hourly rates of $220 to $275 for partners, with correspondingly lower rates for associates.  The plaintiff has advanced no reason to depart from these rates.  Accordingly, the Court will utilize a $275 rate for all three partners engaged in this litigation, a $150 rate for the associate, and a $75 rate for the summer law clerk.  Multiplying these rates by the hours billed results in a presumptive fee award of $11,505.00.

The plaintiff's affiant suggests that the higher, requested amount is nonetheless reasonable "in light of the nature of the litigation, the issues involved, the amount in controversy, and the end result obtained by Plaintiff's counsel," because it represents less than 9% of the plaintiff's damages, and because "the total legal fee charged by MC&G is customary and typical of legal fees charged by others practicing in the federal court for the Southern District of Alabama."  (Doc. 29, Hartley Affidavit at 3).

Had plaintiff's counsel taken the case on a contingency basis, the resulting risk of non-payment would probably justify an award of a higher percentage than 9% of the

amount owed the plaintiff.[3]  But having guaranteed payment regardless of result,[4] the plaintiff cannot enhance its award by comparing it to contingency fee awards.  The result obtained was excellent, but it was obtained in a simple collection case against a non-resisting defendant where no issue of any note was involved.  The Court is unaware of any recent commercial collection case of similar simplicity, amount and lack of opposition in which an appreciably higher award was made in a non-contingency case, and it is not persuaded that any such instance would render a higher award reasonable in this case.

For the reasons set forth above, the plaintiff's renewed motion for summary judgment is **granted**.  Judgment in the amount of $216,191.37 will be entered accordingly by separate order.

DONE and ORDERED this 5th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See, e.g., Peebles*, 439 So. 2d at 142 ("Our cases recognize that an attorney on a contingent fee basis is entitled to charge more than an attorney who is guaranteed compensation by periodic billings.").

[4] The plaintiff's evidence reflects that it uniformly paid counsel's invoices within 30 days of billing.